■ PHYLLIS GOLDMAN, Appellant, v. ARNOLD H. GOLDMAN, Respondent.— Judgment of the Supreme Court, Nassau County, dated June 23, 1966, modified, on the law and the facts, by striking therefrom the decretal paragraph which dismissed plaintiff's complaint and by substituting therefor a provision dismissing the first cause of action and granting plaintiff a separation under the second cause of action. As so modified, judgment affirmed insofar as appealed from, without costs. The defendant husband admitted at the trial that he had failed to support the plaintiff wife and their two children for 12 weeks. Consequently, plaintiff should have been granted a separation on the ground of nonsupport despite the parties' prior consensual separation (cf. *Matter of Steinberg* v. *Steinberg*, 18 N Y 2d 492, 498). Under the circumstances disclosed, the unallocated award of $50 a week for the support of plaintiff and the two children is not in our opinion inadequate. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ In the Matter of PHILIP BIANCO, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of the respondent State Liquor Authority, dated May 3, 1967, which suspended petitioner's off-premises beer license for 10 days, confirmed, and proceeding dismissed on the merits, with costs. On the record here presented, it is our opinion that there is substantial proof to sustain the Authority's determination. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ In the Matter of MADGE FAULKNER, Doing Business as MADGE'S PARK INN, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Respondent's determination dated April 11, 1968, canceling the petitioner's liquor license, modified, on the law, by annulling the provision canceling the license and substituting therefor a provision suspending the license for 15 days, commencing as of July 15, 1968. As so modified, determination confirmed, without costs. No questions of fact have been considered. In our opinion, under the circumstances herein, the punishment of a revocation of petitioner's license was excessive. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ In the Matter of EDWARD FEELEY, Petitioner, v. DANIEL F. McMAHON, as Commissioner of Public Safety of the City of Yonkers, Respondent.— Respondent's determination dated November 15, 1966 modified, on the law, by annulling the finding of guilt on specification No. 3 and the imposition of punishment thereon. As so modified, determination confirmed, without costs. In our opinion there was no substantial evidence to support a finding of guilt under specification No. 3 based on rule 158 of the Rules and Regulations of the Bureau of Police, Department of Public Safety of the City of Yonkers. That rule applies to an unlawful business and the petitioner patrolman's acts related to a lawful business. The finding as to specification No. 6 is supported by substantial evidence. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.